PENACHIO MALARA LLP
Anne Penachio, Esq.
235 Main Street, Suite 610
White Plains, NY 10601
(914) 946-2889

**HEARING DATE & TIME:**
**AUGUST 28, 2013 at 10:00 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
---------------------------------X
                                 :
In re:                           :    CHAPTER 13
                                 :
GENNARO ALAIO and ELIZABETH A. ALAIO,  CASE NO.: 12-22220 (RDD)
                                 :
Debtors.                         :
                                 :
---------------------------------X

**NOTICE OF HEARING ON APPLICATION OF PENACHIO MALARA LLP, COUNSEL FOR THE DEBTORS FOR LEGAL FEES AND REIMBURSEMENT OF EXPENSES**

     **PLEASE TAKE NOTICE**, that a hearing on the Motion of **PENACHIO MALARA LLP** (the "Firm'), counsel for the above-captioned debtors (the "Debtors"), for approval of legal fees of $9,726.00 and reimbursement of expenses of $548.35 incurred in connection with their Chapter 13 case and Loss Mitigation will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601 on the 28th day of August 2013 at 10:00 AM.

     **PLEASE TAKE FURTHER NOTICE** that the Firm seeks payment of compensation as an administrative expense under the confirmed Chapter 13 plan.

     **PLEASE TAKE FURTHER NOTICE** that a copy of the application is available on the Bankruptcy Court's website, www.nysb.uscourts.gov or from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the application must be made in writing, comply with the Bankruptcy Rules and Local Rules of this Court, be filed with the Clerk of the Bankruptcy Court and delivered to the Chambers of the Honorable Robert D. Drain, at the address set forth above, and served upon the undersigned so that it is received not later than three (3) days prior to the return date.

Dated: White Plains, New York
       July 9, 2013                       **PENACHIO MALARA LLP**

                                                  /s/ Anne Penachio
                                                  Anne Penachio, Esq.
                                                  Counsel to the Debtors
                                                  235 Main Street - Suite 610
                                                  White Plains, NY 10601
                                                  (914) 946-2889

:

PENACHIO MALARA LLP
Anne Penachio, Esq.
235 Main Street, Suite 610
White Plains, NY 10601
(914) 946-2889

**HEARING DATE & TIME:**
**AUGUST 28, 2013 at 10:00 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
------------------------------------X
In re:                                                              CHAPTER 13

GENNARO ALAIO and ELIZABETH A. ALAIO,    CASE NO.: 12-22220 (RDD)

Debtors.
------------------------------------X

**APPLICATION OF PENACHIO MALARA LLP, COUNSEL FOR THE DEBTORS FOR LEGAL FEES AND REIMBURSEMENT OF EXPENSES**

**TO: THE HONORABLE ROBERT D. DRAIN**
   **UNITED STATES BANKRUPTCY JUDGE**

The application for compensation (the "Application") of **PENACHIO MALARA LLP** (the "Firm"), counsel to **GENNARO ALAIO** and **ELIZABETH A. ALAIO**, the debtors herein (the "Debtors"), respectfully represents as follows:

**I.    INTRODUCTION**

1.    On or about February 5, 2012, the Debtors filed a voluntary petition for relief under Chapter 13 of Title 11, United States Code, as amended (the "Bankruptcy Code"), with the Clerk of this Court, and the case was referred to the Bankruptcy Judge herein.

2.    The Debtors are individuals who filed for bankruptcy protection primarily for relief for several reasons including: (i) to address tax liabilities; (ii) to set aside their second mortgage; (iii) to participate in Loss Mitigation; and (iv) deal with consumer

1

debt.

3. The Debtors filed a Chapter 13 plan (the "Plan") with their petition, which called for payments of $3,545.00 for ten (10) months, $4,000.00 for four (4) months and $4,300.00 for forty six (46) months, for a total of sixty (60) months.

4. The Debtors project that creditors will receive a distribution of approximately 5% under the Plan.

5. In connection with the Debtors' filing, counsel charged the Debtor a "flat fee" of $6,500.00 plus expenses for standard services. The Debtors paid $1,219.00 in advance of the filing with the balance to be paid under the Plan₁. The Debtors case was highly protracted. Moreover, the Debtors required a great deal of personal time and

6. The Firm spent more than thirty (30) hours on the Debtors' case which involved at least five (5) Court appearances, an objection to confirmation, several amendments to the Plan, numerous submissions to the Trustee, a <u>Pond</u> motion, a Motion to Dismiss and a highly protracted and complex Loss Mitigation period, which required numerous letters of explanation.

| II. | **LOSS MITIGATION** |
|---|---|

7. In February 2012, the Debtors met with counsel regarding the possibility of Loss Mitigation with respect to their home at 18 Sunlit Trail, Cortlandt Manor, NY 10567 (the "Home"). The Debtors had no equity in the Home. They had fallen behind with payment due to business reverses caused by a fire in the family owned restaurant where the

---

1 My standard fee for Chapter 13 cases presently ranges from approximately $4,500.00 to $7,500.00 depending on the complexity involved and the needs of the individual debtor. Each Chapter 13 case typically requires an average of 20 hours of legal time from the initial intake interview through the claims review process and confirmation. I prefer a "flat fee" arrangement because it is inherently difficult to accurately calculate time expended on an individual case. The is especially so because counsel will often appear in Court on numerous matters at the same time. It is nearly impossible to "divide" time proportionately among the debtors.

Debtor worked. Moreover, the interest rate on their mortgage exceeded 6%.

8. For purposes of the retainer, counsel estimated the fees that would be involved to be $6,5000.00, the "standard fee." counsel indicated that she would seek Court approval of additional fees.

9. On February 8, 2012, counsel sought Loss Mitigation in the Debtors' Plan.

10. Shortly thereafter, on March 2, 2012, Bank of America ("BOA") filed a Creditor Loss Mitigation Affidavit.

11. Thereafter, the Court entered the Loss Mitigation Order on March 5, 2012 (ECF #15).

12. In furtherance of the Loss Mitigation process, the Debtors and counsel completed a comprehensive financial package and submitted it BOA.

13. The submissions had to be resubmitted and supplemented several times. In or about later 2012, counsel was advised that the Debtors may qualify for a modification under the Department of Justice settlement (the "DOJ Modification"). Counsel worked extremely diligently to process the paperwork.

14. The process was time consuming and tedious and required counsel's personal attention. It was more complicated in this case than others because (i) the Debtor receives income from several sources; (ii) the Debtor's income is irregular; and (iii) the Debtor is unsophisticated and required a great deal of assistance.

15. In or about late June 2013, BOA advised counsel that the Debtors' application for a DOJ Modification had been granted. Most significantly, their interest rate was reduced from 6% to 2%. Principal would also be reduced substantially. After

3

conferring with the Debtors regarding the terms, the firm moved this Court for approval #68).

16. The Firm spent more than 33.00 hours in attending to Loss Mitigation, amendments to the Debtors' Plan and budget and tax issues. I anticipate spending additional time finalizing the process and obtaining Court approval. This does not include routine calls and e-mails between me and the Debtors. I have paid approximately $548.35 in disbursements, which include serving the original, first and second amended plans, as well as the motion to approve the DOJ Modification. A copy of time records is attached as Exhibit A. A list of the disbursements is attached as Exhibit B.

17. The Firm seeks an award of $9,726.00 in legal fees and $548.35 in expenses. This represents approximately an additional $3,500.00 over the amount originally estimated. The Debtors have been credited with the retainer of $1,219.00 plus the filing fee of $281.00.

18. The Debtors ask that the balance sought of $8,507.00 in fees and $267.35 in expenses, for a total of $8,774.35, be treated as an administration expense and paid by the Chapter 13 Trustee from the Plan.

### III. THE APPLICATION

19. By this application (the "Application"), the Firm seeks approval of its compensation for services rendered in the total amount of $9,726.00 and reimbursement of its actual and necessary expenses in the amount of $548.35, with the balance of $8,774.35 to be paid through the Plan.

### IV. JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

20. This Court has jurisdiction of the Application pursuant to 28

U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). Venue in this district is proper pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are §§ 105, 327, 328, and 330 of the Bankruptcy Code and Local Rule 3015-a.

## V. ISSUES PRESENTED

21. This application presents the following two issues:

(i) Whether counsel should be compensated for services as sought?

(ii) Whether compensation can be paid under the Chapter 13 plan rather than from the Debtor directly?

## VI. DISCUSSION

### A. The Compensation Sought Should be Granted

22. Bankruptcy Code Section 330(a)(4)(B) provides that in a "chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the *debtor* in connection with the bankruptcy case based on consideration of the benefit and necessity of such services to the *debtor* and the other factors set forth in this section" (emphasis added).

23. Bankruptcy Code Section 330(a)(3) requires that a court examine the nature, extent and value of the services for which compensation is sought and make a determination of the amount of "reasonable" compensation based on such factors as (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of the case; (D) whether the services were performed within a reasonable amount of time, and (E) whether the compensation is reasonable based the customary compensation charged by comparably skilled practitioners in nonbankruptcy

5

cases. *(See In re Thorn*, 192 B.R. 52 (Bankr. N.D.N.Y. 1995) generally for an analysis of compensation in Chapter 13 cases)[2]

24. Counsel bears the burden of proof to demonstrate entitlement to the requested fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re Bolton*, 43 B.R.598, 600 (Bankr.E.D.N.Y 1984). This Court has an obligation to examine the propriety of an attorney's fees, regardless of whether an objection is raised. *In re Thorn*, 192 B.R. 52, 55 (Bankr.N.D.N.Y.1995).

25. When the issues are not complex and the process is straightforward, an attorney is expected to exercise "billing judgment" and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *Id.* at 56 (citing *Hensley*, 461 U.S. at 437); *see also In re Hirsch*, No. 1-02-17966, 2008 WL 5234057, *5 (Bankr.E.D.N.Y.2008).

26. The legal services performed by the Firm in connection with Loss Mitigation are set forth on Exhibit A hereto and include:

    a.    Amend Plan two (2) times;

    b.    Deal with tax claims;

    c.    Pond Motion;

    d.    Review Loss Mitigation procedures, prepare request, order, review and compile financial package and

---

[2] It should be noted that *Thorn* was decided nearly 15 years ago, prior to the 2005 Amendments to the Code which place additional burdens on attorneys and imposes the "Means Test." It was also decided prior to the Model Chapter 13 plan and confirmation order presently required by the Court. Given the changes in the law, it is submitted that while the analysis set forth in *Thorn* remains sound, the Court's reduction of fees may not be justified if the case were decided today.

participate in Loss Mitigation Session

    e. Review modification and draft approval of same.

  27. Anne Penachio performed virtually all non-clerical services on the Debtors' behalf for which compensation is sought. She was admitted to practice in New York before this Court in 1992 and in Connecticut in 1991. She obtained a Bachelor of Arts degree from Fordham University in 1988 and a Juris Doctor degree from Fordham University School of Law in 1991. Ms. Penachio's hourly billing rate for Chapter 13 cases is $300.00 per hour.

  28. It is respectfully submitted that the services rendered and expenses incurred by the firm clearly satisfy the requisite standards of reasonableness including, <u>inter alia</u>, the following: the time and labor required *(the Loss Mitigation Process is time consuming)*; the novelty and difficulty of the questions and matters resolved *(the Loss Mitigation process and DOJ Modification were new when counsel undertook the representation)* ; the skill required to perform the services properly *(the representation of the Debtor, while not necessarily requiring special skills or implicating sophisticated issues, took time, energy and patience)*; the experience, reputation and ability of the attorneys performing the services *(it is submitted that counsel possesses the requisite skill and expertise)*; the fees charged and fee awards in similar cases and the time involved *(the fee charged is less than counsel's standard billing rate)*; and the results obtained *(the results are successful)*.

  29. To the best of counsel's knowledge, information and belief, this Application complies with the Guidelines promulgated by the Office of the United States Trustee; the fees and disbursements sought herein are billed at rates and in accordance with practices customarily employed by counsel and generally accepted by her clients.

### B. Compensation Should be Paid from the Plan as an Administrative Expense

30. The standard for determining compensation of a Chapter 13 debtor's counsel is different than the standard utilized in Chapter 11 cases. Services of the Chapter 13 counsel need not benefit the estate generally, so long as the services benefit the debtor. *See In re Herbert*, 2009 WL 1941978 (Bankr. E.D.N.Y. 2009).

31. As a result of counsel's efforts, substantial benefits have been conferred upon the Debtors. Creditors have also benefitted from Loss Mitigation indirectly. Through Loss Mitigation, the Debtors are able to remain in their Home and continue making payments under their confirmed plan.

32. Pursuant to Local Rule 3015-a, it is appropriate that I be paid under the Plan.

33. The results achieved in this case included the <u>Pond</u> motion, the loan modification and the resolution of tax claims.

34. There is no agreement between my Firm and anyone else to share fees. Moreover, the expenses sought are reasonable and ordinary and comply with the Guidelines

### IV. NOTICE OF APPLICATION AND WAIVER OF MEMORANDUM OF LAW

35. Notice of this application has been served upon the Debtor, all creditors who filed claims, all creditors listed on the Debtor's schedules, all parties who have filed a notice of appearance, and the Office of the United States Trustee.

36. Because the issues presented do not present novel issues of law or fact, it is respectfully requested that this Court waive the requirement for the filing of a memorandum of law.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order (i) granting the Firm an award in the amount of $9,726.00 for professional services rendered to the Debtors' estate and reimbursement of $548.35 in expenses; (ii) authorizing and directing the Trustee to pay the Firm the amount of $8,774.35 through the Debtor's Plan; and (iii) granting such other and further relief as is just and proper.

Dated: White Plains, New York
       July 9, 2013

                                    **ANNE PENACHIO**

                                    **/s/ Anne Penachio**

                                    Anne Penachio
                                    Counsel for the Debtors
                                    235 Main Street – Suite 610
                                    White Plains, NY 10601
                                    (914) 946-2889